UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OLIBA CARDONA; JUAN CARDONA; DAVID WYNN:MILLER; EDWIN MUELLER: PLENIPONTENTIARY-JUDGE (WITNESSING),<br><br>Plaintiffs,<br><br>vs.<br><br>AURORA LOAN SERVICES, INC., FINANCIAL TITLE CO.,<br><br>Defendants. | Case No:  C 10-05416 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Dkt. 13 |

On November 30, 2010, pro se Plaintiffs Oliba Cardona and Juan Cardona,[1] the owners of property located at 3742 Greenbriar Drive, Pittsburg, California, filed the instant action in this Court against Aurora Loan Services ("Aurora") and Financial Title Company ("FTC").  Though not entirely clear, it appears that the gist of Plaintiffs' claims is that they were "forced" to default on their home mortgage after Aurora allegedly refused to provide them with a loan modification.  Compl. at 2-3, Dkt. 1. Though Plaintiffs do not allege any particular facts or reasons why Aurora was legally obligated to provide them with a loan modification, they allege claims against Aurora and co-defendant FTC for violations of: 18 U.S.C. § 1001; 18 U.S.C. § 1961; 18 U.S.C. § 242; 18 U.S.C. § 1692e; and 42 U.S.C. §§ 1985(1), 1985(2) and 1985(3).

On November 30, 2010, the Court issued an Order Setting Initial Case Management Conference and Deadlines ("Initial Order").  Dkt. 3.  The Initial Order set various deadlines, which include:  (1) filing an ADR Certification along with a stipulation to ADR process or Notice of Need for ADR Phone Conference by February 17, 2011; and (2) filing

---

[1] The caption identifies other parties who did not sign the pleadings and who do not appear to be Plaintiffs in this action.

1  a Case Management Conference Statement by March 3, 2011.  Id.  On February 3, 2011,
2  Plaintiffs filed a declination to proceed before the assigned magistrate judge.
3        On February 7, 2011, the matter was reassigned to this Court.  On February 9, 2011,
4  the Court issued a Case Management Scheduling Order for Reassigned Cases, which
5  scheduled the initial Case Management Conference for March 10, 2011.  Dkt. 10.  The
6  Order specifically stated that all deadlines specified in the Initial Order shall remain in
7  effect.  Plaintiffs complied with none of those deadlines, however.[2]  In addition, it appeared
8  that none of the Defendants had been served in accordance with Federal Rule of Civil
9  Procedure 4(m), thus making it impractical to proceed with the Case Management
10 Conference.  Dkt. 12 at 2 n.2, Dkt. 12.  Thus, on March 8, 2011, the Court issued an Order
11 continuing the Case Management Conference to June 16, 2011.  The Court warned
12 Plaintiffs "that additional violations of this Court's orders and/or any other applicable
13 procedural rules will be grounds for dismissal of the action. Fed. R. Civ. P. 41(b); Ferdick
14 v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)."  Id. at 2.
15       On March 8, 2011, Aurora filed a motion to dismiss, pursuant to Rule 12(b)(6),
16 which it noticed for hearing on June 7, 2011.  Dkt. 13.  Under Local Rule 7-3, any
17 opposition or statement of non-opposition should have been filed by May 17, 2011, which
18 is twenty-one days before the noticed hearing date. Paragraph 8 of the Court's Standing
19 Orders expressly warns as follows:  "**Effect of Failing to Oppose a Motion**:  The failure of
20 the opposing party to timely file a memorandum of points and authorities in opposition to
21 any motion or request shall constitute a consent to the granting of the motion."  Dkt. 10 at
22 4.  Notwithstanding the requirements of Civil Local Rule 7-3, and the Court's warning,
23 Plaintiffs have filed nothing in response to Aurora's motion to dismiss.
24       "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
25 an action for failure to comply with any order of the court."  Ferdik, 963 F.2d at 1260.  As
26 such, the failure to file an opposition to a motion to dismiss in the manner prescribed by the
27
28        [2] Nor have Plaintiffs rectified their errors by filing the requisite documents.

- 2 -

1 Court's Local Rules is grounds for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.
2 1995) (per curiam). "In determining whether to dismiss a claim for failure to prosecute or
3 failure to comply with a court order, the Court must weigh the following factors: (1) the
4 public's interest in expeditious resolution of litigation; (2) the court's need to manage its
5 docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less
6 drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."
7 Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).
8     In the instant case, the Court finds that the above-referenced factors weigh in favor
9 of dismissal. With regard to the first factor, "[t]he public's interest in expeditious
10 resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983,
11 990 (9th Cir. 1999). This is particularly true in the instant case, where Plaintiffs have had
12 ample opportunity to prepare and file a response to Aurora's motion.
13     The second factor also militates in favor of dismissal. See Pagtalunan, 291 F.3d at
14 642 ("It is incumbent upon the Court to manage its docket without being subject to routine
15 noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing
16 court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance
17 with a court's order diverts "valuable time that [the court] could have devoted to other
18 major and serious criminal and civil cases on its docket.").
19     The third factor, the risk of prejudice to the defendants, generally requires that "a
20 defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial
21 or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at,
22 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's
23 reason for defaulting." Id. Here, Plaintiffs have offered no explanation for their failure to
24 respond nor is any apparent from the record. These facts also weigh strongly in favor of
25 dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.
26     As to the fourth factor, the Court has already considered less drastic alternatives to
27 dismissal. As noted, the Court's Standing Orders warn that as a consequence of a party's
28 failure to oppose a motion, the Court will construe such inaction as a consent to the

1 granting of the unopposed motion.  In addition, the Court specifically warned Plaintiffs that
2 further violations of the Court's orders and/or any applicable procedural rules would be
3 considered grounds for dismissal.  3/8/11 Order at 2.  The failure to oppose a motion or file
4 a statement of non-opposition constitutes a violation of Civil Local Rule 7-3.  "[A] district
5 court's warning to a party that failure to obey the court's order will result in dismissal can
6 satisfy the 'consideration of [less drastic sanctions]' requirement."  Ferdik, 963 F.2d at
7 1262.

8      The final factor, which favors disposition of cases on the merits, generally weighs
9 against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases
10 on the merits.  Thus, this factor weighs against dismissal.").  However, as pled, this case
11 has no merit.  Though Plaintiffs cite various federal statutes, they fail to allege any facts to
12 establish how these statutes were violated.  To survive a motion to dismiss for failure to
13 state a claim, the plaintiff must allege "enough facts to state a claim to relief that is
14 plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint
15 that raises only "the mere possibility of misconduct" does not establish that the plaintiff is
16 entitled to relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The plaintiff must allege
17 facts sufficient to "nudge his claims ... across the line from conceivable to plausible." Id. at
18 1951 (quoting Twombly, 550 U.S. at 570).  Since Plaintiffs have not alleged any plausible
19 claims, this factor is, at best, neutral.

20      In sum, the Court concludes that four of the five relevant factors weigh strongly in
21 favor of granting Aurora's unopposed motion and dismissing the action in its entirety.  Id.
22 (affirming dismissal where three factors favored dismissal, while two factors weighed
23 against dismissal).[3]  Accordingly,

---

[3] FTC has not appeared in this action and there is no indication in the record that it has been served with Summons and the Complaint.  In its March 8, 2011 Order, the Court warned that Plaintiffs' failure to effect service on all Defendants by March 30, 2011, would result in the dismissal of the action without prejudice under Rule 4(m). Dkt. 10 at 2 n.2  Since there nothing in the record to indicate that FTC has been served—and given the lack of any allegations directed towards FTC in the Complaint—the Court sua sponte dismisses the action FTC, without prejudice under Rule 4(m).

1    IT IS HEREBY ORDERED THAT Aurora's unopposed motion to dismiss is
2 GRANTED, and the instant action as to Aurora is DISMISSED WITH PREJUDICE. The
3 action is DISMISSED WITHOUT PREJUDICE as to FTC.  The Clerk shall close the file
4 and terminate all pending matters and deadlines.  The hearing scheduled for June 7, 2011,
5 2011, and the Case Management Conference scheduled for June 16, 2011, are VACATED.
6    IT IS SO ORDERED.
7 Dated:  May 24, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CARDONA et al,

    Plaintiff,

v.

AURORA LOAN SERVICE, INC. et al,

    Defendant.
_____/

Case Number: CV10-05416 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Oliba Cardona
3742 Greenbriar Drive
Pittsburg, CA 94565

Ramon Cardona
3742 Greenbriar Drive
Pittsburg, CA 94565

Dated: May 25, 2011

                    Richard W. Wieking, Clerk
                    **By: LISA R CLARK, Deputy Clerk**